UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RONALD J. PIERCE, | |
| Petitioner, | |
| v. | CAUSE NO.: 3:18-CV-1003-PPS-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Ronald J. Pierce, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP 16-8-226) at the Indiana State Prison in which a disciplinary hearing officer found him guilty of battery in violation of Indiana Department of Correction Offense 102. Following a disciplinary hearing, he was sanctioned with a loss of ninety days earned credit time, a demotion in credit class, and restitution in the amount of twenty-two-dollars. On administrative appeal, a departmental official reduced the offense from Class A to Class B but did not alter the sanctions.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418

U.S. 539, 564-70 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Pierce argues that he is entitled to habeas relief because the administrative record contained insufficient evidence to support a finding of guilt. He maintains that the hearing officer relied solely on statements from confidential informants and a video recording of his presence in the shower area where the assault occurred.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks and citations omitted).

The hearing officer may have relied in part on confidential statements from staff in the investigative file but also relied on other evidence, including a conduct report in which a correctional officer stated that, on July 24, 2016, at 2:34 p.m., an inmate was found lying face down in the showers with facial injuries. (ECF 15-2.) Further, a video surveillance recording showed Pierce entering and leaving that area around 2:25 p.m. (ECF 15-7.) The evidence against Pierce was certainly circumstantial. No one saw him commit the assault. But that's not the standard here. The only issue is whether there is "some" evidence against him. In other words, the question is whether the record is

2

"devoid of evidence." *Webb*, 224 F.3d at 652. Although admittedly the evidence is a little thin, the video recording and the conduct report constitute some evidence that Pierce committed battery against another inmate. Therefore, the argument that the hearing officer lacked sufficient evidence for the disciplinary decision is not a basis for habeas relief.

Next, Pierce argues that he is entitled to habeas relief because he did not receive adequate notice of his charges. He maintains that the conduct report was unclear and incomplete and confusingly referenced three separate incidents. Pierce further argues that he is entitled to habeas relief because the hearing officer did not provide him with an adequate written decision.

> [W]ritten notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense. At least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary hearing officer].

*Wolff*, 418 U.S. at 564. Procedural due process requires a "written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action." *Id*. "A prison disciplinary committee is required to give a brief statement of the evidentiary basis for its decision to administer discipline, so that a reviewing court, parole authorities, etc. can determine whether the evidence before the committee was adequate to support its findings concerning the nature and gravity of the prisoner's misconduct." *Saenz v. Young*, 811 F.2d 1172, 1174 (7th Cir. 1987).

The conduct report adequately conveys that Pierce was charged with assaulting another inmate in the shower area on or around 2:25 p.m. on July 24, 2016. Indeed, it is

3

unclear why Pierce believes that the conduct report was unclear or confusing or otherwise constituted inadequate notice of the charges. Similarly, the hearing officer provided a written decision stating that he relied on staff reports, witness statements, and the video surveillance recording and imposed sanctions due to the seriousness of the offense and to deter Pierce from engaging in similar behavior in the future. (ECF 15-6.) While the written decision is not particularly detailed, it is enough to satisfy the dictates of *Wolff* and *Saenz*. Therefore, these claims are not a basis for habeas relief.

Pierce argues that he is entitled to habeas relief because correctional staff did not allow him to review the documentary evidence. Though he does not identify the concealed documents, he likely refers to the investigatory report and the statements collected from correctional staff. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff*, 418 U.S. at 566. However, while Pierce may have been entitled to present the investigatory documents at the hearing, he was not entitled to personally review them. *See White v. Indiana Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001) ("prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public."); *Outlaw v. Anderson*, 29 F. App'x 372, 374 (7th Cir. 2002). Therefore, the argument that Pierce was not allowed to review documentary evidence is not a basis for habeas relief.

Pierce argues that he is entitled to habeas relief because the hearing officer was not an impartial decisionmaker. He represents that the hearing officer demonstrated bias by crediting the reports from correctional staff and by finding Pierce guilty without reliable evidentiary support, an adequate written decision, and the opportunity to

4

present evidence. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for impermissible bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id.* at 667. The record contains no indication that the hearing officer had any personal involvement in the underlying charge, and, as set forth above, the allegations that the hearing officer violated Pierce's right to procedural due process are unfounded. Further, though the hearing officer credited correctional staff's account and found Pierce guilty of battery, adverse rulings alone are insufficient to demonstrate improper bias. *Thomas v. Reese*, 787 F.3d 845, 849 (7th Cir. 2015). As a result, the claim of improper bias is not a basis for habeas relief.

Pierce argues that he is entitled to habeas relief because correctional staff failed to comply with departmental policy on numerous occasions, including the issuance of the conduct report, the disciplinary hearing, and the administrative appeal. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. While the right to procedural due process affords Pierce certain procedural rights for disciplinary proceedings, the right to strict compliance with departmental policy is not included among them. *See id.* at 563-66; *White*, 266 F.3d at 768 (warning against adding additional due process protections beyond those provided by *Wolff*). To the contrary, the failure to comply with departmental policy, without more, does not rise to the level

5

of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 n.2 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Therefore, the claims that correctional officials did not comply with departmental policy are not a basis for habeas relief.

Finally, Pierce argues that the sanction of restitution was imposed in violation of his right to procedural due process. "[A] habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254." *Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir. 2009). This claim does not relate to the fact or duration of Pierce's sentence, so it is not a valid basis for habeas relief.

Because Pierce has not asserted a valid claim for habeas relief, the habeas petition is denied. If Pierce wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court of Cook Cnty., Ill.*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because I find pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 5);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Ronald J. Pierce leave to proceed in forma pauperis on appeal.

SO ORDERED.

ENTERED: April 21, 2020.

                                                   /s/   Philip P. Simon
                                                  PHILIP P. SIMON, JUDGE
                                                  UNITED STATES DISTRICT COURT